HANNIBAL MISSOURI LAND CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9084. Promulgated January 7, 1928.

*Charles C. Clark, Esq.*, for the petitioner.
*John W. Fisher, Esq.*, for the respondent.

1074

TRUSSELL: The questions involved pertain to the determination of the amount of profit resulting from the sale of a tract of land by petitioner in October, 1919, for a total consideration of $33,369.95, payable over a term of three years and of which $3,363 was paid within the taxable year involved, petitioner having elected to return the income represented by this profit on the installment plan. The total sale price of this property was $33,369.95. The March 1, 1913, value of the land is agreed by petitioner and respondent to be $21,529, and to this the respondent added commissions on the sale of $5,180.66, clearing costs, $1,076.45, and surveying expenses of $77.70, making a total cost of $27,863.81 and a profit of $5,506.14 on the sale, or 16.5 per cent of the gross selling price. The respondent included in income for the taxable year 16.5 per cent of the installment of the sale price received in that year, or $554.90. The surveying cost allowed by the respondent is that proportion of the total surveying cost of $831.57 for the entire property of 2,304 acres represented by the 215.29 acres sold.

Petitioner insists that in determining the profit resulting from the sale there should be allowed as expense of same four additional items:

(a) The balance of the survey cost in the sum of $753.97.

(b) Interest of $57.68 rebated the purchaser.

(c) The sum of $98.60 representing abstracts furnished the purchaser in closing the sale in 1921.

(d) A loss of $572.55 in 1921 representing the discount allowed in realizing the cash value of the mortgage note taken in the sum of $16,500.

The survey in question was for the purpose of subdividing the property and fixing the boundaries of various tracts for sale over a period of three years. Although sale was actually effected of only one of the tracts shown by the survey, the expense pertains to all of the tracts. The result of the survey was used before the sale of this particular tract in efforts to sell other portions of the land and was used or available for use subsequent to that time in similar efforts. The cost of survey was a capital expense pertaining to the property as a whole and only so much of it as pertained to the tract sold can be considered as a separate cost of such tract.

The profit realized from this sale of land should be computed as follows:

| | | |
|---|---|---:|
| Sale price | | $33,369.95 |
| Less allowance made purchaser in settlement | | 1,557.68 |
| Net sale price | | 31,812.27 |
| Deduct: | | |
| 1913 value of land | $21,529.00 | |
| Clearing cost | 1,076.45 | |
| Commissions | 5,180.66 | |
| Survey | 77.70 | |
| Abstract | 98.60 | |
| Cost of realizing cash on mortgage | 572.55 | |
| | | 28,534.96 |
| Profit | | 3,277.31 |

The total price paid by the purchaser for the land was $31,812.27, of which the profit of $3,277.31 is 10.3 per cent. Applying this percentage to the payment of $3,363 received in 1919, we find $346.49 as profit to be included as income of that year. We have found that petitioner's gross income from other sources for the taxable year 1919 amounted to $20,079.11, and that it had deductible expenses of $14,908.80. Its total net income for that year is accordingly found to be the sum of $5,516.80.

The deficiency should be redetermined in accordance with the foregoing findings of fact and opinion.

*Judgment will be entered upon 15 days' notice, pursuant to Rule 50.*

Considered by SMITH, LOVE, and LITTLETON.